IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 99-1170-CV-W-ODS |
| | ) | |
| WARREN G. WEBSTER, | ) | |
| | ) | |
| Defendant. | ) | |

ORDER AND OPINION OVERRULING DEFENDANT'S OBJECTION TO
GARNISHMENT OF WAGES

I. BACKGROUND

The Plaintiff filed its Complaint in the above-captioned action on December 8, 1999, to collect a debt owed by Defendant to the United States Department of Education. The Court entered a default judgment against Defendant on June 20, 2000, and on March 2, 2001, the Court ordered Defendant's employer to pay a portion of Defendant's net wages to Plaintiff.

On July 22, 2008, Plaintiff filed an Application for Writ of Continuing Garnishment and a Writ of Garnishment was issued to Certainteed Corporation ("Garnishee"), Defendant's current employer. Defendant objected to the Garnishee's answer wherein it deducted twenty-five percent of Defendant's wages, asserting he is entitled to the Missouri "head of household" exemption pursuant to R.S.Mo. § 513.440, which would limit the rate of garnishment to no more than ten percent of his wages. A hearing was held on November 17, 2008, to determine whether Defendant is a "head of household" as that term is used in § 513.440. For the following reasons, the Court finds Defendant is not a "head of household" and therefore overrules his objection to the garnishment of his wages at a rate greater than ten percent.

## II. DISCUSSION

At the hearing, Defendant testified that he and his son, Brad Webster, live together at a residence in Kansas City, Missouri. Defendant stated that he pays the rent, utility bills, and buys all the groceries, and that his son does not contribute toward these expenses. He testified that his son is twenty-eight years old and has lived with him continuously for twenty years. He stated that he has three other children that previously lived with him, but they now live on their own. Defendant testified that his son has been unemployed since April 2008, and that he had been employed "off and on" before then.

Brad Webster testified his father paid all the expenses and was the supervisor and rule-maker of the household. He testified that he has never lived on his own, and that he has no intention of living on his own in the near future. Brad further stated that he has no financial obligations and that he has never offered to contribute to the household expenses. He stated that he does pay for his own car insurance, clothing, and entertainment. Brad testified that he had been working making ten dollars per hour but he had been laid off in April 2008. He testified that he has been looking for other work but there are no offers of employment pending. He stated that he receives $230 per week in unemployment benefits but these will soon run out.

Under the Missouri Head of Household Exemption "[e]ach head of family may select and hold, exempt from execution, . . . [his] wages . . . except ten percent of any . . . wages due such head of family." R.S.Mo. § 513.440. There is no current case law providing a definition of a "head of family" or with a facts similar to those here. However, some early cases provide the Court with guidance. In State v. Haney, the Missouri Supreme Court stated:

To constitute a "family" within the meaning of the homestead laws[1] there must be

---

[1] Defendant contends that because Haney was interpreting the homestead exemption law, and not the head of household exemption law, its interpretation of the meaning of "head of family" should not be relied on. The Court disagrees. The statutes use the same term, "head of family," and have similar purposes. Therefore, the

Case 4:99-cv-01170-ODS   Document 32   Filed 12/11/08   Page 2 of 4

> two or more persons residing together under one head or manager, with the legal or moral obligation on the part of the person who occupies the position as head of the house or family to support one or more of the other members, and there must be a state of dependency, at least partial, on the part of the one receiving such support.

277 S.W.2d 632, 636 (Mo. 1955). "The central thought underlying the family relation is that of dependence . . . ." Elliott v. Thomas, 143 S.W. 563, 564 (Mo. Ct. App. 1912) (also interpreting the homestead statute).

Defendant contends that other cases interpreting the head of household exemption do not impose a dependency requirement, but simply require that a head of family be the manager and/or supervisor of those residing in the home. In Jarboe v. Jarboe, the court defined a "family" as "a collective body of persons who live in one house under one head or manager." 79 S.W. 1162, 1163 (Mo. Ct. App. 1904). It defined "head of family" as "one who contracts, supervises, and manages the affairs about the house." Id. However, in Jarboe the family included the defendant's invalid sister, his mother, and his two minor brothers. The court noted that these individuals, except one brother who was earning a salary, were dependent upon him for support. Therefore, the requirement that a "head of family" be responsible for those dependent on him was implicitly recognized in that case. See also In re Townsend, 344 B.R. 915, 918 (Bankr. W.D. Mo. 2006).

The Court concludes the Defendant is not entitled to the head of household exemption. The testimony that Brad Webster does not contribute to the household expenses is not fully credible. While he may not have contributed equally to Defendant, the Court finds that he likely has provided some support for the household. Brad Webster is twenty-eight years old, is able-bodied, has worked in the past, and is fully

---

Missouri Supreme Court's interpretation of the phrase in one context provides persuasive authority for its interpretation in the other context. See Murray v. Zuke, 408 F.2d 483, 484 (8th Cir. 1969) ("The homestead laws which provide a special exemption against execution by creditors utilize the same concept of an individual's status as 'head of family' for qualification purposes and lend considerable guidance in the construction of that phrase . . . .").

3

capable of working in the future. He testified that he is currently collecting unemployment compensation which suggests that he is not presently destitute and holds himself out as being able-bodied and actively seeking employment. He is not dependent on Defendant for his support. While the exemption laws "are benevolent in nature" and should be applied liberally, Murry, 408 F.2d at 486, the Court concludes that the purposes of the statute would not be met by allowing Defendant to claim the head of household exemption because he lets his adult son reside with him. Rather, the Court believes that allowing Defendant to avail himself of the exemption under the facts of this case would result in an abuse of the exemption and permit Defendant to avoid paying a lawful debt.

### III. CONCLUSION

Defendant is not entitled to the head of household exemption provided for in R.S.Mo. § 513.440. Defendant's objection to the garnishment of his wages at a rate greater than ten percent is overruled.

IT IS SO ORDERED.

/s/ Ortrie D. Smith
ORTRIE D. SMITH, JUDGE
DATE: December 11, 2008　　　　　　　　UNITED STATES DISTRICT COURT

4